IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:10-CV-59-D

| | | |
|---|---|---|
| WILLIE LEE TOMLIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| SMITHFIELD PACKING COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

On February 17, 2010, Smithfield Packing Company ("Smithfield" or "defendant") filed a motion for more definite statement [D.E. 3]. Willie Lee Tomlin ("Tomlin" or "plaintiff") failed to respond. As explained below, the motion is granted.

I.

On or about January 8, 2010, Tomlin, who is proceeding pro se, filed suit in Wilson County Superior Court [D.E. 1-2]. Tomlin's initial pleading includes no formal complaint, factual allegations, or claims for relief. Instead, Tomlin's initial pleading consists of four documents: 1) a federal civil cover sheet, dated January 7, 2010; 2) a two-page "Employment Discrimination Complaint Form" that Tomlin appears to have submitted to the North Carolina Department of Labor ("NCDOL") on February 10, 2009; 3) a six-page "Complaint Questionnaire" that Tomlin appears to have submitted to the NCDOL on February 19, 2009, and 4) a right-to-sue letter that the NCDOL issued to Tomlin dated October 7, 2009. See Notice of Removal, Ex. A.

On February 17, 2010, Tomlin served upon Smithfield yet another pleading, entitled "Ammended [sic] Complaint," which is dated February 18, 2010. Id. Tomlin apparently filed this document in Wilson County Superior Court. In his "Ammended [sic] Complaint," Tomlin adds nothing substantive to his initial pleading regarding his allegations against Smithfield, but seeks to add CT Corporation as a co-defendant. See id. Tomlin refers to CT Corporation as "the headquarters of Smithfield Packing Inc[.] who is a subsidiary of this parent company." See id.

The court recognizes that Tomlin is appearing pro se and construes his filings liberally. See, e.g., Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam). However, liberal construction of a pro se party's pleadings does not mean that a pro se litigant is exempt from the Federal Rules of Civil Procedure. See id. In light of the current record, Tomlin has not filed a complaint consistent with Rules 8 and 10 of the Federal Rules of Civil Procedure. Smithfield appropriately has filed a motion for a more definite statement, and the motion is granted. See Fed. R. Civ. P. 12(e); Chao v. Rivendell Woods, Inc., 415 F.3d 342, 348–49 (4th Cir. 2005); Hodgson v. Va. Baptist Hosp., Inc., 482 F.2d 821, 823–24 (4th Cir. 1973); Gleichauf v. Ginsberg, 859 F.Supp. 229, 232–33 (S.D. W. Va. 1994).

Not later than June 14, 2010, Tomlin shall file a single amended complaint that complies with the requirements of Rules 8(a) and 10. See Fed. R. Civ. P. 8(a), 10. In the amended complaint, Tomlin shall set state the nature of each claim for relief that he is asserting, what federal or state code section Smithfield allegedly violated, what facts support each claim, and what relief he seeks for each claim. If Tomlin fails to comply with this order, Tomlin is WARNED that the court may dismiss the action without prejudice. Cf. Hathcock v. Navistar Int'l Transp. Corp., 53 F.3d 36, 40–41 (4th Cir. 1995).

2

II.

Accordingly, defendant's motion for a more definite statement [D.E. 3] is GRANTED. Tomlin has until June 14, 2010, to file an amended complaint that complies with this order.

SO ORDERED. This 25 day of May 2010.

JAMES C. DEVER III
United States District Judge

3